UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BRITTANY N. PAULEY,

    Plaintiff,

v.                                                       CIVIL ACTION NO: 2:13-cv-25299
                                                    JUDGE: _____

HERBERT J. THOMAS MEMORIAL
HOSPITAL ASSOCIATION d/b/a THOMAS
MEMORIAL HOSPITAL,

    Defendant.

## COMPLAINT

    Plaintiff, Brittany N. Pauley, brings this action against Defendant, Herbert J. Thomas Memorial Hospital Association d/b/a Thomas Memorial Hospital, and alleges as follows:

### I.    NATURE OF ACTION

    1.    This is a civil action brought against Defendant for discriminatory and retaliatory actions against her pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-1, *et seq.*

### II.    JURISDICTION AND VENUE

    2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b).

    3.    The United States District Court for the Southern District of West Virginia is a proper venue for this action under 38 U.S.C. § 4323(c)(2) because Defendant is a company that maintains a place of business in this judicial district. Additionally, venue

is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to this action occurred in this district.

### III.  PARTIES

4. Plaintiff was at all times relevant herein, a resident of West Virginia.

5. Defendant is a West Virginia corporation, and at all relevant times herein conducted business in Kanawha County, West Virginia.

6. Upon information and belief, Defendant employed at least fifty (50) employees for 20 or more workweeks in the current or preceding calendar year, and within seventy-five (75) miles of Plaintiff's work site.

7. Upon information and belief, Defendant transacts business, performs services in West Virginia, and has employed more than twelve (12) people in West Virginia for at least twenty (20) weeks during the current or previous year.

### IV.  FACTS

8. Plaintiff worked for Defendant from January 2011, until Defendant terminated her employment on May 1, 2012.

9. During her employment with Defendant, Plaintiff held the positions of Nursing Assistant and Unit Clerk.

10. During Plaintiff's employment with Defendant, she performed her duties in a satisfactory manner and met the reasonable expectations of Defendant.

11. In or around September 2011, Plaintiff was diagnosed with a major effective disorder, for which she treated with her psychiatrist, Dr. Elma Bernardo, and which resulted in Plaintiff being incapacitated for more than three (3) consecutive days.

12. On or around April 25, 2012, Plaintiff requested a FMLA packet from Defendant's Human Resource department.

13. At the time of her request for FMLA leave, Plaintiff had been employed for twelve (12) months and had worked at least 1,250 hours during the prior twelve (12) months.

14. Upon receiving the FMLA packet, Plaintiff promptly gave the packet to Dr. Bernardo, a health care provider, so Dr. Bernardo could complete the Certification of Health Care Provider and Request for Family/Medical Leave of Absence forms.

15. Dr. Bernardo completed the Certification of Health Care Provider form on or around April 27, 2012.

16. On the Certification of Health Care Provider form, Dr. Bernardo noted that Plaintiff's condition was a chronic condition, she required a medical leave for her absence from work because of her condition, and that she was not able to perform work of any kind.

17. On the Request for Family/Medical Leave of Absence form, Dr. Bernardo noted that Plaintiff's request for FMLA leave was due to Plaintiff's serious health condition.

18. On the Request for Family/Medical Leave of Absence form, Dr. Bernardo noted that Plaintiff's FMLA leave was to start on April 17, 2012, and her expected return date was May 15, 2012.

19. On or around April 27, 2012, Plaintiff returned the completed FMLA packet, via hand delivery, to Tracey Holmes, an agent, employee and/or representative, of Defendant.

20. Upon Plaintiff delivering the completed FMLA packet to Ms. Holmes, Ms. Holmes provided Plaintiff with a copy of the completed FMLA packet and stated that she would contact Plaintiff with any questions.

21. Neither Ms. Holmes, nor any other agent, employee and/or representative of Defendant contacted Plaintiff with any questions about the completed FMLA packet.

22. The leave requested by Plaintiff qualified as medical leave under the FMLA.

23. Plaintiff gave Defendant timely notice of her request for FMLA leave.

24. On or around May 7, 2012, Defendant, through its agents, employees and/or representatives, sent correspondence to Plaintiff stating that her effective termination date was May 1, 2012, and that she was being discharged for failing to report to work or report her intent to be absent on April 29, 30, and May 1, 2012.

25. Defendant terminated Plaintiff's employment for failing to report to work or reporting her intent to be absent on days that Plaintiff requested as leave under the FMLA.

26. Defendant was aware that Plaintiff has submitted a request for FMLA leave when it terminated her employment.

27. Plaintiff requested approximately four (4) weeks of FMLA leave for her serious health condition and was terminated during the time frame in which she had requested FMLA leave.

28. Defendant terminated her employment approximately four (4) days after Plaintiff requested FMLA leave and submitted her completed FMLA packet to Defendant.

29. Plaintiff submitted documentation to Defendant that she needed to take off from work for approximately four (4) weeks due to her serious health condition.

30. Defendant was aware of its obligations under the FMLA with regard to Plaintiff and willfully chose not to follow them.

31. Defendant acted willfully and maliciously when it unlawfully terminated Plaintiff's employment.

### V.     CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### Violation of the FMLA

32. This paragraph incorporates by reference all of the preceding paragraphs as if they were set forth fully herein.

33. Defendant's conduct, as described above, violates the provisions of the FMLA, 29 U.S.C. §§ 2601 *et seq.*, and/or the United States Department of Labor's regulations, 29 C.F.R. §§ 825.100, *et seq.*, by:

(a) interfering with Plaintiff's attempt to exercise her FMLA rights; and/or

(b) discriminating and/or retaliating against Plaintiff based upon her attempt to exercise her FMLA rights.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, lost wages and benefits in an amount to be determined by the jury, and is entitled to damages for lost wages and benefits, and liquidated damages.

35. As a direct and proximate result of Defendant's actions, Plaintiff is entitled to damages for indignity, embarrassment, humiliation and emotional distress in an amount to be determined by the jury.

36. Defendant's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Plaintiff entitling Plaintiff to punitive damages in an amount to be determined by a jury.

37. Defendant's actions were willful and malicious and violated the FMLA entitling Plaintiff to attorneys' fees and costs pursuant to 29 C.F.R. § 825.400(c).

## SECOND CAUSE OF ACTION
### Violation of the WVHRA

38. This paragraph incorporates by reference all of the preceding paragraphs as if they were set forth fully herein.

39. Defendant's termination of Plaintiff's employment was based upon, in whole or in part, on Plaintiff's disability, perceived disability, and/or being regarded as disabled in violation of the WVHRA and its accompanying regulations.

40. As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, lost wages and benefits in an amount to be determined by the jury.

41. As a direct and proximate result of Defendant's actions, Plaintiff is entitled to damages for indignity, embarrassment, humiliation and emotional distress in an amount to be determined by the jury.

42. Defendant's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Plaintiff entitling Plaintiff to punitive damages in an amount to be determined by a jury.

42. Defendant's actions were willful and malicious and violated the WVHRA entitling Plaintiff to attorneys' fees and costs pursuant to W. Va. Code § 5-11-13 and/or the decisions of the Supreme Court of Appeals of West Virginia.

6

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. That the Court award Plaintiff damages set forth in this Complaint, including lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance, inconvenience, and emotional distress, liquidated damages, punitive damages in an amount to be determined by the jury, pre- and post- judge interest, attorneys' fees and costs, and all remedies available to Plaintiff under the FMLA;

2. That the Court award Plaintiff damages set forth in this Complaint, including lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance, inconvenience, and emotional distress, punitive damages in an amount to be determined by the jury, pre- and post- judgment interest, attorneys' fees and costs, and all remedies available to Plaintiff under the WVHRA;

3. Punitive damages;

4. Injunctive relief;

5. Attorneys' fees and costs; and

6. Such further relief as this court may deem just and equitable.

## VII.   JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

Brittany N. Pauley,
By Counsel.

s/ Joy B. Mega
Todd S. Bailess (WVSB# 10482)
Joy B. Mega (WVSB# 9960)
Bailess Law, PLLC
227 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 342-0550
Facsimile: (304) 344-5529
bailesslaw@gmail.com
bailesslaw2@gmail.com