```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**BRITTANY N. PAULEY,**

    Plaintiff,

v.                            Civil Action No. 2:13-cv-25299

**HERBERT J. THOMAS MEMORIAL
HOSPITAL ASSOCIATION d/b/a THOMAS
MEMORIAL HOSPITAL,**

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending is defendant's motion for partial summary judgment filed on August 18, 2014.

### I. Background

      Plaintiff Brittany N. Pauley ("Ms. Pauley") was employed by the defendant, Herbert J. Thomas Memorial Hospital Association ("Thomas"), as a nursing assistant and unit clerk. She alleges that Thomas engaged in discriminatory employment practices, including retaliatory termination, proscribed by both the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 <u>et</u> <u>seq</u>., and the West Virginia Human Rights Act ("WVHRA"), W. Va. Code §§ 5-11-1, <u>et</u> <u>seq</u>. Ms. Pauley asserts that the defendant interfered with the exercise of her FMLA rights, retaliated against her because of her attempt to exercise those rights, and terminated her, in whole or in part, because of Thomas's perception that

she was disabled.  This motion for summary judgment concerns only the perceived disability claim under the WVHRA.

## II. Facts

Ms. Pauley worked for Thomas from January 2011 until the beginning of May 2012.  Pl. Compl. ¶ 8.  On April 20, 2012, Ms. Pauley obtained an "FMLA packet" from Thomas's human resources department.  Pauley Dep. 42:1-24.[1]  At some time between April 27, 2012 and May 3, 2012, she submitted an FMLA leave request to Thomas.[2]  <u>See</u> Pl. Resp. in Opp'n to Def. Mot. For Partial Summ. J. at *5.  Ms. Pauley was terminated on May 1, 2012, after having failed to report to work on each of the preceding three days.  Pl. Compl. ¶ 24.

Ms. Pauley began suffering the effects of mental or emotional illness as early as the summer of 2011.  Pauley Dep. 46:13-24.  It was during this time period when Ms. Pauley was first treated by a psychiatrist.  <u>Id</u>.  In September 2011 Ms.

---

[1] "Pauley Dep." refers to the video deposition of Brittany N. Pauley, taken on August 11, 2014.  Excerpts from the transcript of this deposition are included as attachments to both defendant's partial motion for summary judgment, and plaintiff's response in opposition.  <u>See</u> Exhibit A attached to Def. Mot. for Partial Summ. J. (ECF 33-1); Exhibit A attached to Pl. Resp. in Opp'n (ECF 35-1).

[2] There is a factual dispute as to when Ms. Pauley's FMLA leave request was submitted and processed.  However, this timing dispute has no direct bearing on Ms. Pauley's claim under the WVHRA and is not a material fact for the purposes of this motion for partial summary judgment.

Pauley's father murdered her stepmother. Id., 65:8-11. Then, in February 2012, Ms. Pauley had a miscarriage. Id., 18:7-8. In April 2012, she believed she had been suffering from chronic depression for "four or five months." Id., 46:4-9. The depression was severe and sufficiently manifested in Ms. Pauley's demeanor that she believed it had become readily apparent to other people, including her co-workers. Id., 65:6-15. Around this time, Ms. Pauley was diagnosed with major affective disorder, a form of postpartum depression that was connected to the traumatic events she had recently experienced. Id. 64:2-9, 78:3-18.

Thomas was aware of the problems that Ms. Pauley was experiencing. Ms. Pauley discussed her stepmother's murder with her supervisor, Sandra Young, who suggested that Ms. Pauley might benefit from an employee counseling program offered by Thomas. Young Dep. 21:1-24, 22:1-23.[3] Ms. Pauley informed Ms. Young that she was already treating with a psychiatrist. Id. The hospital's human resource director, Marybeth Smith, was also aware that Ms. Pauley was treating with a psychiatrist. Smith

---

[3] "Young Dep." refers to the deposition of Sandra Young, taken on August 12, 2014. Excerpts from the transcript of deposition are included as attachments to plaintiff's response in opposition to defendant's motion for partial summary judgment. See Exhibit C attached to Pl. Resp. in Opp'n (ECF 35-3).

Dep. 36:13-20.[4]  Ms. Smith later learned about Ms. Pauley's miscarriage, and was aware that she had submitted an FMLA leave request at the time of that incident.  Smith Dep. 20:24, 21:1-19.  She also knew that Ms. Pauley had picked up and submitted FMLA paperwork requesting leave in April 2012.  Id. 34:1-24, 36:4-12.

Ms. Pauley was terminated after she did not show up for work on April 28, 29 and 30, 2012.  Supra.  Ms. Pauley believed her leave request had been approved as of April 27.  Pauley Dep. 87:5-9.  She attempted to speak with Ms. Young by telephone to confirm that approval, but Ms. Young never answered or returned her calls.  Id. 87:24, 88:1-7.  After she learned of her termination, Ms. Pauley continued attempting to contact her superiors at Thomas to discuss her absences of the 28th, 29th, and 30th.  See Exhibit E attached to Pl. Resp. in Opp'n (ECF 35-5)(Email chain between Ms. Young and Ms. Smith on May 7, 2012, explaining that Ms. Pauley had called and left a message for Ms. Young.).  No Thomas employee returned Ms. Pauley's phone calls.  Id.

---

[4] "Smith Dep." refers to the deposition of Marybeth Smith, taken on August 8, 2014.  Excerpts from the transcript of deposition are included as attachments to plaintiff's response in opposition to defendant's motion for partial summary judgment.  See Exhibit D attached to Pl. Resp. in Opp'n (ECF 35-4).

III. Discussion

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing — "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248.

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

There is no special standard for summary judgment in employment discrimination cases, but the Fourth Circuit has stated that when the outcome of a case rises and falls on a determination of a party's mental state, that determination should usually be left in the hands of a jury. Charbonnages de France, 597 F.2d at 414 ("[S]ummary judgment is seldom appropriate in cases wherein particular states of mind are decisive as elements of [a] claim or defense"), Ballinger v. North Carolina Agricultural Extension Service, 815 F.2d 1001,

6

1005(4th Cir. 1987)("[C]ourts must take special care [at the summary judgment stage] . . . because motive often is the critical issue in employment discrimination cases."), see also Thacker v. Peak, 800 F. Supp. 372, 376(S.D. W. Va. 1992)("Where state of mind is a decisive element of a claim or defense, summary judgment is seldom appropriate inasmuch as state of mind generally is dependent on the resolution of conflicting inferences drawn from circumstantial or self-serving evidence, or on the credibility of witnesses.")(internal citations omitted).

    Ms. Pauley's WVHRA claim alleges that the Thomas employees responsible for her termination perceived her to be disabled, and that they acted on that perception when they made the decision to terminate her.  Thus, the state of mind of these supervisory employees is at issue.

    The WVHRA defines "disability" as "[a] mental or physical impairment which substantially limits one or more of such person's major life activities . . .  [or] being regarded as having such an impairment."  W. Va. Code § 5-11-3(m).  Working is specifically included in the statutory definition of "major life activities", id., and a state regulation includes "emotional illness" as a "disease or condition" that falls within the definition of a "physical or mental impairment," W.

Va. Code St. R. § 77-1.2.4. An "emotional illness" is "any mental disorder." 2 J.E. Schmidt, M.D., Attorney's Dictionary of Medicine, E-68 (1997), see also J.C. Segen, The Concise Dictionary of Modern Medicine (2nd ed. 2006)(defining emotional illness as a "nonspecific term for any psychiatric disorder or mental illness."); In re William John R., 200 W. Va. 627, 632, 490 S.E.2d 714, 719 (1997)(referring to "emotional illness, mental illness or mental deficiency" in tandem, as equivalent descriptors of this sort of medical condition.)

Ms. Pauley has presented and developed evidence showing that she was afflicted with an emotional illness. See generally Pauley Dep. She has provided evidence tending to show that the effects of this illness were apparent to her co-workers. Id., 78:3-18. She has proffered evidence that Thomas had an awareness of the causes and severity of that illness. Young Dep. 21:1-24, 22:1-23; Smith Dep. 20:24, 21:1-19, 36:13-20. The evidence she has proffered indicates that Ms. Pauley's supervisor, Ms. Young, was, after discussing one of the predicate causes of the illness, sufficiently concerned about Ms. Pauley that she suggested that Ms. Pauley utilize an employee counseling service. Young Dep. 21:23-24. The evidence also indicates that Thomas's human resources director, Ms. Smith, knew about her applications for FMLA leave, in both

8

February and April 2012.  Smith Dep. 31:17-19, 36:4-10.  Both women also knew that Ms. Pauley was being treated by a psychiatrist.  Young Dep. 22:1-3, Smith Dep. 36:13-15, 19-20.  Ms. Smith, even admits that she signed the April FMLA documents that were submitted by Ms. Pauley.  Smith Dep. 36:4-12.

    Accepting all this evidence as true, taking it in the light most favorable to the non-movant, and drawing all reasonable inferences in Ms. Pauley's favor, the court concludes that a reasonable jury could determine that Ms. Young and Ms. Smith regarded Ms. Pauley's mental state, stemming from her emotional illness, as a disability that was affecting her ability to work.  It would not be unreasonable for a jury to then reach the conclusion that this perception of disability contributed to Ms. Pauley's eventual termination; it would be consistent with a determination that Ms. Smith and Ms. Young failed to return Ms. Pauley's phone calls because they believed she was unable to adequately do her job and wanted her to be terminated.  Because there is sufficient evidence that would permit a rationale fact-finder to return a verdict in favor of the non-movant, summary judgment is inappropriate.

### IV. Conclusion and Order

Defendant has not satisfied the burden required for summary judgment. Accordingly, it is ORDERED that the defendant's motion for partial summary judgment be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: September 19, 2014

_____
John T. Copenhaver, Jr.
United States District Judge